THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

Robert Anthony Zaragoza,

    Plaintiff,

v.

Union Pacific Railroad Company,

    Defendant.

Case No. 3:21-CV-00287-KC

### DEFENDANT UNION PACIFIC RAILROAD COMPANY'S REPLY SUPPORTING ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6)

It is undisputed that Zaragoza waited almost 4 years to file a charge of discrimination with the EEOC after being removed from service in 2016. It is also undisputed—and Zaragoza concedes—the plaintiffs in *Harris v. Union Pacific R.R. Co.*[1] did not plead failure-to-accommodate on a classwide basis, or move for class certification on their disparate-impact claim. Nonetheless, Zaragoza's response (Doc. 17) suggests his claims for disparate impact (Count II) and failure to accommodate (Count III) were tolled under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), because they "share a common legal and factual nexus" with the claims asserted in the *Harris* complaint—thereby providing Union Pacific with sufficient notice of the claims. Doc. 17, p. 7. But this is not the standard for the application of equitable tolling under *American Pipe*—and Fifth Circuit courts do not treat it as such. *Id.*, p. 11.

Separately, Zaragoza also argues his failure-to-accommodate claim—even if it was not tolled by *Harris*—is timely because he is "a current employee of Union Pacific on an indefinite medical leave of absence." Doc. 17, p. 5. However, Zaragoza fails to recognize that his continued

---

[1] 329 F.R.D. 616 (D. Neb. 2019), *rev'd* 953 F.3d 1030 (8th Cir. 2020).

removal from service is not a new, discrete act that can support his untimely charge. Accordingly, Counts II and III of Zaragoza's Complaint are time-barred, and the Court should dismiss them with prejudice.

## ARGUMENT

**I.    Fifth Circuit courts apply a narrow standard for the application of equitable tolling, which requires "complete identity" between the class and subsequent claims.**

Relying on the U.S. Supreme Court's holding in *Johnson v. Ry. Express Agency, Inc.* the U.S. District Court for the Northern District of Texas held in 2018 that "[a] key consideration in *American Pipe* was that the putative class member seeking to intervene *had the exact same cause of action* as the named plaintiff who originally brought the class action." *Aguilar v. Ocwen Loan Servicing, LLC*, No. 3:17-cv-1165-B, 2018 WL 949225, at *6 (N.D. Tex. Feb. 20, 2018) (citing 421 U.S. 454, 467 (1975)) (emphasis added). Rejecting the notion of extending *American Pipe* tolling to claims not raised in an underlying class action, the *Aguilar* court explained:

> This Court is unpersuaded by the reasoning of those courts that have tolled the statute of limitations for claims not included in the class action giving rise to tolling. … [T]he Supreme Court has expressly stated that 'the tolling effect given to the timely prior filings in *American Pipe* … depended heavily on the fact that those filings involved *exactly the same cause of action* subsequently asserted.' The sameness of the cause of action was important because the prior filing 'necessarily operated to avoid the evil against which the statute of limitations was designed to protect.' The Supreme Court further noted, referring to *American Pipe* tolling, that '[o]nly where there is *complete identity* in the causes of action will the protections suggested by the petitioner necessarily exist.'

2018 WL 949225, at *6 (quoting *Johnson*, 421 U.S. at 467) (emphasis added).

Zaragoza concedes that Fifth Circuit courts, including *Aguilar*, have applied "a much narrower rule" to the application of *American Pipe* tolling; but insists that "complete identity" of claims is not necessary so long as previous class filings provide a defendant with "sufficient

2

notice" of the claims asserted therein. Doc. 17, p. 8. To support this flawed proposition, he cites authority that (1) predates *Aguilar* by more than a decade and (2) relies on precedent that was explicitly rejected by the *Aguilar* court. *See* Doc. 17, pp. 7-8. First, the court in *In re Enron Corp. Securities* considered whether *American Pipe* tolling applied under Texas and Ohio state law; and concluded it *did not* apply under Texas law. 465 F.Supp.2d 687, 719–22 (S.D. Tex. 2006). Critically, the excerpt of *In re Enron Corp. Securities* stating that *American Pipe* tolling applies where claims "share a common factual basis and legal nexus" cites to *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir. 1985), and *Cullen v. Margiotta*, 811 F.2d 698, 720-21 (2d Cir. 1987). *See* 465 F.Supp.2d 687, 718 (S.D. Tex. 2006). *Aguilar* rejected both of these opinions— and their underlying reasoning—as unpersuasive, holding instead that "*American Pipe* tolling cannot extend to causes of action not raised in the class action." 2018 WL 949225, at *6.

Likewise, *Byes v. Telecheck Recovery Servs., Inc.*, is inapposite because it did not involve the assertion of claims that differed from underlying class allegations; rather, the issue was whether the plaintiff's amended complaint related back to her original class complaint. *See* No. Civ.A. 94-3182, 1996 WL 22686, at *1 (E.D. La. Jan. 19, 1996). Regardless, the *Byes* court noted that "tolling operates if the defendant has notice of the substantive claims … *as well as* the number and generic identities of potential plaintiffs who may participate in the judgment." *Id*. at *2. Here, Zaragoza does not, and cannot, argue Union Pacific had notice of "the number and generic identities of potential plaintiffs" for the *Harris* plaintiffs' disparate-impact claim once they only moved for certification on disparate treatment. *Id*. The same is true for their failure-to-accommodate claim, which was not pleaded on a classwide basis to begin with. *See* Doc. 13-3, ¶¶ 159-63.

Also unhelpful to Zaragoza's position is the Supreme Court's decision in *Crown*, finding

that equitable tolling under *American Pipe* is not restricted to intervenors, and that putative class members "may choose to file their own suits or to intervene as plaintiffs" once class certification is denied. 462 U.S. at 353-54. Here, Union Pacific is not arguing that *American Pipe* tolling is inapplicable because Zaragoza failed to intervene while the *Harris* class action was still pending. *See* Doc. 13. Instead, Union Pacific is arguing that (1) *American Pipe* tolling ended for Zaragoza's disparate-impact claim when the *Harris* plaintiffs only moved for class certification on their ADA disparate treatment claim, and (2) *American Pipe* tolling is inapplicable to Zaragoza's failure-to-accommodate claim because it was not pleaded on a classwide basis in *Harris* to begin with. *Id*. As the Supreme Court recently emphasized:

> *American Pipe* tolls the limitations period for individual claims because economy of litigation favors delaying those claims until after class-certification denial. If certification is granted, the claims will proceed as a class *and there would be no need for the assertion of any claims individually*. If certification is denied, only then would it be necessary to pursue claims individually.

*China Agritech*, 138 S. Ct. at 1806–07 (emphasis added). Thus, the Court recognizes there would be no need for any individual claims where a class is certified because the individual claims are *identical* to the certified class claims. *Cf. Johnson*, 421 U.S. at 467; *Raie v. Chminova, Inc.*, 336 F.3d 1278, 1283 (11th Cir. 2003). This was not the case in *Harris*, where the named plaintiffs only moved to certify 1 of the 3 claims they pleaded on a classwide basis in their amended complaint. Indeed, "[t]he watchwords of *American Pipe* are efficiency and economy of litigation, a principal purpose of Rule 23 as well." *China Agritech*, 138 S. Ct. at 1811.

The standard for applying equitable tolling under *American Pipe* is narrower than Zaragoza suggests. Thus, he is precluded from invoking equitable tolling under *American Pipe* unless he is doing so for "the exact same cause[s] of action" as those pursued on a classwide basis in *Harris*—which he is not. *Aguilar*, 2018 WL 949225, at *6; *see also see also In re*

4

*Commonwealth Oil/Tesoro Petroleum Corp. Securities Litig.*, 467 F. Supp. 227, 259 (W.D. Tex. 1979) (quoting *Johnson*, 421 U.S. at 467 n.14)). Instead, Zaragoza purports the tolling interests identified by the *Aguilar* court are satisfied here because his Complaint and the Amended Complaint in *Harris* both assert claims for disparate impact—ignoring the *Harris* plaintiffs' choice to only move for certification on their disparate treatment claim over 2 years later.

## II. Zaragoza's disparate-impact claim was not timely exhausted, and should be dismissed.

It is undisputed the *Harris* plaintiffs did not pursue class certification for their claims of disparate impact or unlawful medical inquiry. *See* Doc. 13-4, p. 1; Doc. 13-5, p. 22 n.5. Their brief in support of class certification states, "[h]ere, Plaintiffs seek certification of Count I, *ADA disparate treatment*, of the Amended Complaint…" despite distinguishing all 3 claims in the "procedural history" portion of the brief. Doc. 13-5, pp. 4, 22 (emphasis added).[2]

As stated in *Carrillo v. Union Pacific Railroad Co.*, "[o]nce claims are voluntarily abandoned, defendants no longer have a way to determine the number and scope of individual claims." No. EP-21-CV-00026-FM, 2021 WL 3023407, *5 (W.D. Tex. July 16, 2021). Put another way, once the *Harris* plaintiffs only moved for certification on their disparate treatment claim, the putative class to which Zaragoza claims he belonged "no longer ha[d] reason to believe their rights [were] being protected by the lawsuit" because, "[f]rom that point forward, the court would only be able to provide a class-wide remedy for disparate treatment." *Id*.

---

[2] The formulaic reference to § 12112(b)(6) in Count I of the Amended Complaint does not suggest the *Harris* plaintiffs moved for certification of such a disparate-impact claim. *See* Doc. 13-3, ¶ 141. It only highlights their mistaken belief that § 12112(b)(6) contemplates disparate-treatment claims, which it does not.

5

Zaragoza's attempts to circumvent *Carrillo* are unavailing. *See* Doc. 17, pp. 11-12. The factual nuances in *Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372 (5th Cir. 2013), do not change that "class certification remained an open [question]" in *Harris only for* the plaintiffs' disparate-treatment claim. Doc. 17, p. 12. Nor does *Hall* negate that Zaragoza—assuming he was a putative class member—only belonged to a class asserting disparate treatment, not disparate impact, once the motion for class certification was filed. *See Id*. Indeed, "[w]hile [Zaragoza] remained a putative class member, the named plaintiffs only represented him with respect to his disparate treatment cause of action." 2021 WL 3023407 at *5. This would have remained true even if the *Harris* class was not decertified in March 2020. Zaragoza asks the court to pretend the *Harris* plaintiffs never moved for class certification and, instead, only filed an amended class complaint more than 2 years earlier asserting disparate treatment, disparate impact, and unlawful screening on a classwide basis. *Id*. But the *Harris* court "no longer presided over the disparate impact cause of action on a class-wide basis" after the plaintiffs only moved for certification on disparate treatment. *Id*.

*Carrillo* also aligns with similar rulings in other circuits. For example, in *Smith v. Pennington*, the Fourth Circuit Court of Appeals held that "when a plaintiff moves for class certification by asserting an unambiguous definition of his desired class that is narrower than is arguably dictated by his complaint, his asserted class for tolling purposes may be limited to that more narrow definition." 352 F.3d 884, 894 (4th Cir. 2003). Like *Harris*, the *Smith* plaintiff's memorandum in support of certification defined the class more narrowly than the complaint. *Id*. Groups of intervenors later sought to join the litigation, but the court affirmed that their claims were not subject to tolling because they were not within the class the plaintiff sought to certify. *Id*. at 895-96. Just as the underlying class in *Smith* was narrowed via a motion for class certification,

6

so were the class claims in *Harris*. 352 F.3d at 894; *cf.* Doc. 13-3, and Doc. 13-5, p. 22; *see also Zarecor v. Morgan Keegan & Co.*, 801 F.3d 882, 888 (8th Cir. 2015) (explaining that "where a putative class member wishes to pursue a claim that is outside the scope of the class action, his separate timely lawsuit is not 'needless,' because the class action would not prosecute his different claim.").

Accordingly, Zaragoza's disparate-impact claim should be dismissed as untimely because tolling for that claim stopped on August 7, 2018—when the *Harris* plaintiffs filed their motion for class certification excluding that claim—and Zaragoza did not file a charge of discrimination until a year-and-a-half later in March 2020. Doc. 13-1; *see, e.g., Hunter v. Am. Gen. Life & Acc. Ins. Co.*, 384 F. Supp. 2d 888, 893 (D.S.C. 2005); *Ganousis v. E.I. du Pont de Nemours & Co.*, 803 F. Supp. 149, 155–56 (N.D. Ill. 1992).

### III. Zaragoza's failure-to-accommodate claim (Count III) should be dismissed.

#### A. Tolling is unavailable for Zaragoza's failure-to-accommodate claim.

Fifth Circuit courts will only apply *American Pipe* tolling where the putative class member "had *the exact same cause of action* as the named plaintiff who originally brought the class action." *Aguilar,* 2018 WL 949225 at *6 (citing *Johnson*, 421 U.S. at 467) (emphasis added). Thus, Zaragoza's single footnote regarding a "common factual and legal nexus" between his failure-to-accommodate claim and that pleaded on an *individual* basis in *Harris* is misplaced and irrelevant—and relies on the same precedent rejected by the *Aguilar* court in 2018. Doc. 17, pp. 9-10, n. 2. Zaragoza concedes that failure-to-accommodate was not pleaded on a classwide basis in *Harris. See* Doc. 17, pp. 5, 13-14, n.2. He also concedes the *Harris* plaintiffs only sought certification of their ADA disparate-treatment claim. *See Id.*, p. 10. "A failure-to-accommodate claim under the ADA is distinct from a claim of disparate treatment." *Windhauser v. Bd. of*

7

*Supervisors for La. State Univ.*, 360 Fed. Appx. 562, 565 (5th Cir. 2010). Consequently, Zaragoza's failure-to-accommodate claim is time-barred and should be dismissed, as it was not tolled under *American Pipe* by the *Harris* class action. *See* Doc. 13, p. 18 (collecting cases).

**B. Without tolling, the claim is time-barred.**

Even without tolling, Zaragoza argues his failure-to-accommodate claim is timely because Union Pacific "has continued to fail in its duty to accommodate" him and "he continues to be a Union Pacific employee on an indefinite medical leave of absence." Doc. 17, p. 14. But these arguments are flawed and nothing more than a desperate attempt to salvage the same claim that so many courts have already dismissed as untimely. *See* Doc. 13, p. 18 (collecting cases).

1. Zaragoza's continued removal from service does not make his charge timely.

Zaragoza has not performed work for Union Pacific since he was removed from service in April 2016. Yet he waited nearly 4 years to file a charge—and attempts to justify his excessive delay, in part, by framing his continued removal from service serves as a "new, discrete violation of the ADA" that makes his charge timely. Doc. 17, p. 14. This is false.

As established in Union Pacific's opening brief, Zaragoza's continued removal from service "does not extend the limitations period" for him to file a timely charge." *Das v. Am. Airlines*, No. 4:19-CV-870-A, 2020 WL364264, at *3 (N.D. Tex. Jan. 21, 2020); Doc. 13, pp. 19-20 (citing, *e.g., Profit v. Klein Indep. Sch. Dist.*, No. H-14-0850, 2015 WL3866720, at *9 (S.D. Tex. June 23, 2015) (holding employee's "attempt to renew his earlier, time-barred request for accommodation was merely a consequence of the earlier discriminatory act and not the culmination of an interactive process to accommodate his disability.") (collecting cases); *Hall v. Scotts Co.*, 211 Fed. Appx. 361, 363 (6th Cir. 2006) (unpublished); *Zdziech v. DaimlerChrysler*

*Corp.*, 114 Fed. Appx. 469, 471-72 (3d Cir. 2004) (unpublished); *Cherosky v. Henderson*, 330 F.3d 1243, 1244-46 (9th Cir. 2003)).

The precedent cited by Zaragoza does not command a different result. In *Dillard v. City of Austin*, the plaintiff was injured at work, exhausted his leave under the Family and Medical Leave Act ("FMLA") and his employer's 180-day return to work program, and was placed in a new position where he was ultimately unsuccessful. 837 F.3d 557, 559 (5th Cir. 2016). In *affirming* the trial court's award of summary judgment in the employer's favor, the Fifth Circuit simply agreed that the employer was obligated to reasonably accommodate the plaintiff once he was capable of returning to work—which it did. *Id.* at 563-64. *Dillard* does not hold, or even suggest, that an employee's continued removal from service can salvage a charge filed 4 years later. Also inapposite is *EEOC v. Chevron Phillips Chem. Co.*, which found a question of fact existed as to whether the plaintiff's employer considered her requested accommodations before terminating her). 570 F.3d 606, 621-22 (5th Cir. 2009).

In sum, Zaragoza cannot rely on the ill effect of the alleged discriminatory act—instead of the act itself—to make his charge timely.

> 2. <u>Zaragoza's alleged attempt to contact Union Pacific and return work does not make his charge timely.</u>

According to Zaragoza, his Complaint alleges "a series of discrete violations of the ADA that continued into the limitations period." Doc. 17, p. 15. But his Complaint fails to state any discrete acts occurring on or after May 13, 2019—300 days before his charge was filed—let alone any alleged requests for accommodation under the ADA. *See* Doc. 1, *passim*.[3] The only allegations

---

[3] Zaragoza concedes he cannot rely on the continuing violations doctrine for discrete acts that occurred outside the limitations period for his charge. Doc. 17, pp. 14-15. This includes his removal from service, issuance of medical restrictions, and unsuccessful appeal regarding the same. *See* Doc. 1, ¶¶ 28-34.

in his Complaint that potentially occurred after October 2016 are that Zaragoza, at some unspecified point in time, "contacted Union Pacific on one or more occasions … to request that he be allowed to return to work in a different craft or position." Doc. 1, ¶ 36.[4] Even if Zaragoza claimed these contact attempts were accommodation requests that occurred within the limitations period—which he does not—his charge makes no mention of this:

> …
> My medical status did not prevent me from performing my job at Union Pacific. Despite this, Union Pacific placed medical restrictions on me, although no Union Pacific physician examined or treated me. The restrictions prohibited me form working, and Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job. Union Pacific continues to refuse to return me to work.
> …

Doc. 13-1, pp. 1-2. Because Zaragoza's charge is silent as to his alleged attempts to contact Union Pacific and return to work after being removed from service, he cannot rely on these unexhausted allegations to make his charge timely. *See, e.g., Henson v. Bell Helicopter Textron, Inc.*, 128 Fed. Appx. 387, 391 (5th Cir. 2005).

Because *Harris* did not toll Zaragoza's failure-to-accommodate claim and he has not pleaded any "discrete acts" occurring less than 300 days before his charge was filed, the claim is time-barred and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Zaragoza's claims for disparate impact (Count II) and failure-to-accommodate (Count III) are time-barred and the Court should dismiss them with prejudice.

---

[4] Neither Zaragoza's Complaint (Doc. 1) nor his response (Doc. 17) identify an accommodation he requested from Union Pacific and did not receive. In contrast, his Complaint vaguely states "*to the extent* Zaragoza needed reasonable accommodation, Union Pacific failed to provide them" and continues to do so. Doc. 1, ¶¶ 39-40 (emphasis added).

Respectfully submitted this 19th day of January, 2022,

CONSTANGY, BROOKS, SMITH & PROPHETE LLP

/s/ Lara C. de Leon
Lara C. de Leon (TX #24006957)
8911 N. Capital of Texas Highway
Bldg. 3, Suite 3350
Austin, TX 78759
Telephone: 512.382.8800
ldeleon@constangy.com

Jasmine L. Anderson (CA Bar #252973)*
601 Montgomery Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 918-3018
janderson@constangy.com

Katie M. Rhoten (MO Bar #69287)*
680 Craig Rd., Ste. 400
St. Louis, MO 63141
Telephone: (314) 338-3740
Facsimile: (314) 665-1707
krhoten@constangy.com

**Attorneys for Defendant**

*Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

    I certify that on the 19th of January, 2022 the foregoing was filed electronically with the Court, which served all counsel of record using its ECF notification system.

*/s/ Lara C. de Leon*
Attorney for Defendant
