IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ROBERT ANTHONY ZARAGOZA,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | CAUSE NO. EP-21-CV-287-KC | |
| § | | |
| **UNION PACIFIC RAILROAD** § | | |
| **COMPANY,** § | | |
| § | | |
| **Defendant.** § | | |

## ORDER

On this day, the Court considered Defendant Union Pacific Railroad Company's Renewed Motion for Summary Judgment ("Motion"), ECF No. 73. For the reasons below, the Motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff Robert Anthony Zaragoza is a former train conductor, who claims that his employer, Union Pacific, administered color vision tests in a manner that violated his rights under the Americans with Disabilities Act ("ADA"). *See* Compl. ¶¶ 2–5, ECF No. 1. The Court previously granted summary judgment in favor of Union Pacific on timeliness grounds. *See* Feb. 17, 2023, Order 13, ECF No. 55. After Zaragoza appealed, the Fifth Circuit reversed and remanded. Judgment, ECF No. 64. That decision became final when the Supreme Court denied certiorari. *See* Decision Pet. Writ Cert., ECF No. 70. Because the Court had not reached any of Union Pacific's summary judgment arguments other than timeliness in its February 17, 2023, Order, it permitted Union Pacific to reassert those arguments in a renewed motion. Mar. 27, 2025, Order, ECF No. 71. This Motion followed, to which Zaragoza filed a Response, ECF No. 74, and Union Pacific filed a Reply, ECF No. 77.

The factual and procedural history is set out more fully in the Court's prior decision. *See* Feb. 17, 2023, Order 1–4. For purposes of this Motion, the dispositive facts are few and undisputed.

Zaragoza worked as a train conductor for Union Pacific. Proposed Undisputed Facts ("PUF") ¶ 4, ECF No. 73-1; Resp. Proposed Undisputed Facts ("RPUF") ¶ 4, ECF No. 74-1. As a conductor, Zaragoza's position was subject to binding regulations, promulgated by the Federal Railroad Administration ("FRA") under the Federal Railroad Safety Act ("FRSA"). PUF ¶ 5; RPUF ¶ 5. Zaragoza has a hereditary color vision deficiency. PUF ¶ 50; RPUF ¶ 50. He previously satisfied the color vision requirements for FRA certification because, although he failed the initial Ishihara test, he passed the secondary Color Vision Field Test ("CVFT"). PUF ¶ 56; RPUF ¶ 56.

In 2012, there was a fatal collision between two Union Pacific trains. PUF ¶ 22; RPUF ¶ 22. The National Transportation Safety Board concluded that one of the engineer's "inability to see and correctly interpret wayside signals was one of several probable causes" of the accident. RPUF ¶ 23; *see also* PUF ¶ 23. That engineer had failed the Ishihara test but passed the CVFT. PUF ¶ 24; RPUF ¶ 24.

In 2016, Union Pacific changed their CVFT to the Light Cannon test. PUF ¶ 35; RPUF ¶ 35. That year, "Zaragoza underwent vision screening for his FRA recertification." PUF ¶ 57; *accord* RPUF ¶ 57. He failed both the Ishihara test and the Light Cannon test. PUF ¶¶ 57–58; RPUF ¶¶ 57–58. Union Pacific, through its Chief Medical Officer, determined that Zaragoza "did not meet the medical standards for FRA certification as a conductor and . . . was restricted from performing jobs requiring recognition of colored railroad signals." PUF ¶¶ 59, 66; *accord*

RPUF ¶¶ 59, 66. Zaragoza never appealed Union Pacific's denial of recertification to the FRA. PUF ¶ 68; RPUF ¶ 68.

## II.   DISCUSSION

### A.   Standard

A court must enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[,]" or show "that the materials cited [by the movant] do not establish

the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

The court resolves factual controversies in favor of the nonmoving party, but factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Further, when reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478–79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## B. Analysis

Union Pacific seeks summary judgment on Zaragoza's two remaining disability discrimination claims—disparate treatment and disparate impact.[1] Mot. 2. Union Pacific's principal argument is that Zaragoza's ADA claims are precluded by the FRSA. *Id.* at 2–6. The crux of this argument is that any conductor who is denied certification "may petition the FRA to review the railroad's decision." *Id.* at 3 (quoting *Weeks v. Union Pac. R.R. Co.*, No. 13-cv-1641, 2017 WL 1740123, at *7 (E.D. Cal. May 4, 2017)). Zaragoza, who did not petition for FRA review, should be preempted from making an end run around that process through this ADA lawsuit. *See id.* at 3–5.

---

[1] Zaragoza's only other claim, for failure to accommodate, was dismissed. June 15, 2022, Order 14, ECF No. 29.

In support, Union Pacific referenced a decision out of the Northern District of Texas. Mot. 5 (citing *Turner v. BNSF Ry. Co.*, No. 23-cv-681, 2023 WL 9052248 (N.D. Tex. Dec. 22, 2023)). Zaragoza argued that *Turner* was wrongly decided and noted that it was on appeal. Resp. 5. Two days after the Response was filed, the Fifth Circuit issued its opinion affirming the district court's judgment. *Turner v. BNSF Ry. Co.*, 138 F.4th 224, 232 (5th Cir. 2025).

The Fifth Circuit declined to adopt the district court's preclusion analysis, instead holding that the plaintiff was not a qualified individual under the ADA because he was denied FRA certification and then failed to exhaust his administrative remedies through the FRA appeals process. *Id.* at 232 & n.12. In *Turner*, as here, the plaintiff was a railroad conductor who "failed the FRA-required vision tests and [the railroad's] medical examiner refused to certify him according to the FRA's standards." *Id.* at 230. Thus, he "failed to obtain the government-mandated certification that would make him qualified to be a conductor." *Id.*

"The FRA has [a three-step] appeals process by which conductor applicants like Turner [and Zaragoza] can seek review of negative determinations by their employers administering FRA regulations." *Id.* (first citing 49 U.S.C. § 20135(b)(1); and then citing 49 C.F.R. §§ 240.401(a), 242.501–.511). "It is undisputed that Turner [and Zaragoza] did not attempt even step one of this process." *Id.* at 231; *accord* PUF ¶ 68; RPUF ¶ 68. Thus, here, as in *Turner*, Zaragoza is not a qualified individual within the meaning of the ADA because he lacks the FRA-required certification and failed to exhaust his administrative remedies to challenge the certification denial. *See Turner*, 138 F.4th at 230.

To be sure, there is a fact dispute as to whether the new Light Cannon test that Zaragoza failed was valid under FRA requirements. RPUF ¶¶ 43–46. But it is for the FRA—not this Court—to make that determination. As the *Turner* court explained:

5

> If Turner believes that he deserves certification despite [the railroad's] efforts to comply with the rules, he must go to the font of that decision-and rule-making authority: the FRA. . . . This exhaustion requirement is especially important if a plaintiff alleges that a federal regulation, or a private party's administration of it, might violate a nondiscrimination statute like the ADA . . . . Without an exhaustion requirement, 'employers would face the dilemma of risking ADA liability or violating the [agency's] command that' employees, like drivers of motor carriers, must be 'qualified under the agency's safety regulations.' After all, the agencies have 'greater expertise in applying [their] []certification regulations.

138 F.4th at 231 (citations omitted).

In sum, *Turner* is squarely applicable. While Zaragoza's position finds support in Judge Graves' dissent, *id.* at 232–37, the published panel majority opinion is binding precedent.[2] The qualified individual requirement applies to all ADA Title I disability discrimination claims, whether under a disparate treatment or disparate impact theory. *Lathrop v. Erico Int'l Corp.*, No. 05-cv-1372, 2007 WL 9701565, at *3 (M.D. La. Oct. 24, 2007); *see also Raytheon Co. v. Hernandez*, 540 U.S. 44, 46 (2003). Because, under *Turner*, Zaragoza is not a qualified individual, both of his remaining claims must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Motion, ECF No. 73, is **GRANTED**. Zaragoza's ADA disparate impact and disparate treatment claims are **DISMISSED** with prejudice.

**SO ORDERED.**

SIGNED this 31st day of October, 2025.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[2] The Fifth Circuit's mandate issued in July following denial of rehearing en banc. Judgment as Mandate, *Turner v. BNSF Ry. Co.*, No. 24-10031 (5th Cir. July 7, 2025), ECF No. 132.